GIDEON W. DAVENPORT, Plaintiff in Error, *v.* TIMOTHY YOUNG *et ux.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Whitlock administered upon the estate of Jones; subsequently the legislature passed an act authorizing the administrator to sell the real estate of Jones, to pay debts, and to reinvest the surplus, with the approval of the Probate Judge, for the benefit of the widow and heir. Whitlock was removed, and Paine, the husband of the widow of Jones, was appointed in his stead. Paine sold the land, and his wife joined in the conveyance, which did not recite the power to sell, nor that the estate conveyed belonged to decedent, nor did Paine execute it as administrator. No debts had been proved or allowed by the Probate Court: *Held,* that the power was conferred for the purpose of paying debts, and could not be exercised until required for that purpose: *Held,* further, that the bond

executed prior to the conveyance, and the conveyance, do not purport on their face to transfer, nor do they transfer the estate of Jones, the decedent.

The court below had not the right to permit the parties to show the fact that the decedent owed debts which had not been proven before the Probate Court.

THE appellant claims title under an act of the legislature of the State of Illinois, which came in force December 6th, 1836, entitled "An act authorizing the sale of the real estate of D. L. W. Jones, deceased, and for other purposes." The act authorized the administrator of Jones to sell, at public or private sale, such of the real estate of the deceased as was situated within this State and the territory of Michigan, and apply the proceeds to the liquidation of the debts of the decedent, and to invest the residue in some productive real property, or public securities, under the advice and with the consent of the Judge of Probate of Cook county, for the use and benefit of the widow and child of the deceased, in the proportions severally due them by law. It provided that the administrator, previous to making sale of the property, should enter into bond for the faithful performance of the duties therein mentioned, in such penalty and with such surety as should be prescribed by the Judge of Probate of Cook county, and with such other conditions as should be deemed, by said Judge, necessary and proper to be inserted for the purpose of effectually securing to the widow and heiress of the deceased, their several portions of the proceeds of the sale. And further provided, that no sale should be made, without the written consent of the widow should be first filed in the office of said Judge of Probate. Jones died about the 19th day of August, 1834, leaving the appellee, Mrs. Young, his only heir. On the 13th day of December, 1835, letters of administration were granted to James Whitlock, who gave bond for the faithful performance of his duties, took the usual oath, and procured the appointment of appraisers. On the 30th day of December, 1835, he applied to the legislature for the special act in question, and the same was passed by both houses, but did not become a law until the first day of the next session, for want of the Governor's approval. No debts were proved against the estate, and there were no judgments against Jones. Whitlock made no inventory, had no appraisal, rendered no account, and did nothing further in relation to the estate. In the month of October, 1836, the widow, Frances Jones, married Seth Paine. On the 13th day of April, 1837, Seth Paine applied to the Probate Court of Cook county, for the removal of Whitlock, for the reason that Whitlock had removed out of the county, and that, after having commenced upon the administration of the estate, he had neglected and refused to go forward with the settlement of the same, and that he then declined and

refused further to act in the matter. On the same day the Probate Court find the allegations of Paine to be true, and therefore revoke the letters of administration granted to Whitlock. No notice of this proceeding was given to Whitlock. On the same day the court granted letters of administration to Paine, who gave bond and took the usual oath. Paine made no inventory, had no appraisal, rendered no account, and did nothing further until the 5th day of July, 1847. On that day he made a contract with Harrison Newhall, to sell him the east half of north-west fractional quarter section twenty-eight, town. forty, range fourteen east, of which the premises sued for are a part, for $780, to be paid $200 cash, $200 in one year from date, $200 in two years from date, and $180 in three years from date, with interest, and gave a contract for a deed when the payments should be made. On the 6th day of July, 1847, the written consent of Mrs. Paine, to the sale, was filed with Mahlon D. Ogden, Probate Justice Peace, and, on the same day, a bond executed by Paine and Newhall to the people of the State of Illinois, for the use of the heir of D. L. W. Jones, in the penal sum of $1,600, dated July 5th, 1847, and conditioned that Paine should apply the proceeds of the sale to the purposes mentioned in the act, was filed with Ogden, Probate Justice Peace. On the 20th day of December, 1848, Paine applies to Thomas Hoyne, then Probate Justice, and files a certified copy of the act, and has the same entered of record. He then files Mrs. Paine's consent to the sale, and has the Judge file and approve of the same, as of the 6th day of July, 1847, *nunc pro tunc,* which consent and order are entered of record. On the same day, he applies for an order, *nunc pro tunc,* prescribing the amount of the penalty, the nature of the security, and the conditions of the bond to be given. The court find that the bond was given with the consent and under the direction of Ogden, Probate Justice, previous to the sale, but that the consent and bond were not entered of record, and therefore approve the same *nunc pro tunc,* and order the approval and bond to be entered of record. No notice of this *nunc pro tunc* proceeding was given to any one. On the 5th day of August, 1851, Paine and wife convey to Newhall, in pursuance of the contract made with him, under whom the appellant claims title. The appellant offered to show, by parol, that the sale was not made until after the bond and Mrs. Paine's consent had been filed and approved, but the testimony was excluded. The title of Mrs. Young is admitted, unless the appellant can make out a title under the above act and proceedings.

This cause, at April term, 1854, was submitted to J. M. WILSON, Judge of the Cook County Court of Common Pleas,

without the intervention of a jury. The court found for the plaintiffs below.

G. MANNIERE and E. S. WILLIAMS, for Plaintiff in Error.

C. BECKWITH, L. TRUMBULL, and R. S. BLACKWELL, for Defendants in Error.

SCATES, C. J. The only questions deemed important in the decision of this case, are presented as objections to the sufficiency of plaintiff's title.

His title was derived through a purchase from Seth Paine, which is claimed to have been made by him as administrator *de bonis non* of the estate of D. L. W. Jones, deceased, under and by virtue of an act of the legislature, which became a law on the 6th December, 1836.

The act was passed upon the petition of James Whitlock, administrator, who, however, did not act under it. He was afterwards removed, and Paine, who had intermarried with the widow of Jones, was appointed and sold.

We deem it unimportant to the decision, to examine, whether the office of administrator survived, and with it the power conferred by this act, as also the question in relation to filing the widow's consent, before the sale, and the giving bond and surety, as required by the act. Waiving these, there are insuperable objections to the title set up. We shall confine ourselves to two deemed sufficient.

The first is, that the facts contemplated by the statute, upon which the power to sell depended, were not shown to exist; and second, the administrator never did sell and convey. In relation to the first, the act authorized the administrator " to sell, at public or private sale, such of the real estate of said decedent, as is situated within this State, and the territory of Michigan, the proceeds whereof, shall be applied to the liquidation of the debts of said decedent," and the residue to be invested, etc., for the widow and heir, with the advice of the judge of probate. The supposed existence of debts to be paid, and an insufficiency of personal assets to do so, is the apparent reason for granting this power, and the object of it, to raise means to pay them. The legislature had no constitutional power to find and determine the fact that there were debts owing, (*Lane et al.* v. *Dorman*, 3 Scam. R. 238 ; *Edwards* v. *Pope et al.*, 3 Scam. R. 470 ; 4 Scam. R. 134,) and could, therefore, only grant power to be exercised, if, and when, the fact should be established in due course of administration. It could not depend upon the private knowledge of Whitlock or Paine,

as administrator, nor upon their will and pleasure. None have been shown by the probate records and files, and none are, therefore, supposed to exist.

The court very properly excluded parol evidence, offered to supply this fact. The court, on the trial in this suit, had no power to settle, ascertain, adjust, allow and sanction debts against the estate. Many difficult questions might arise, the statute of limitations might be a defense to their allowance, and it would be impossible in this collateral manner, to draw in question the settlement of that estate, even had the court jurisdiction. Whether before or after the sale of the land, still it was essential to the exercise of the power of sale, to establish and have the debts allowed regularly before the proper tribunal, having jurisdiction. How could the judge of that court sanction any investment of a surplus, without having evidence of what that surplus might be. The case of *Dorman* v. *Lane*, in its several visits to this court, has met and settled these points. See 1 Gil. R. 143 ; 13 Ill. R. 127.

Suppose this not to be a naked power, but one which would survive, as being coupled with an interest in the creditors, to have payment of their debts by its exercise. Yet having failed to show that there were such creditors, it is stripped of that characteristic, and would stand as a naked power, as to the widow and heir. It is such a power as the law will watch with jealousy, and the party claiming under it, will be expected and required to show that the contingency had happened or the facts existed, upon which its exercise depended.

Second : Both the articles of agreement for the sale and the conveyance itself, are made by Seth Paine, describing his identity as administrator, and his wife joins in them both. The recitals will not help the deed. It does not purport even to be a conveyance of the estate or interest of Jones, deceased, but that of the grantors. They covenant, warrant and defend, and sign and seal for themselves. We must read, interpret, construe and understand the deed, by and from its language and terms. These all appear, notwithstanding the description and recitals, to be the individual acts and covenants of the grantors, and of their estate for the benefit of the widow and heir of Jones. It might have presented a much stronger case, had the recitals and description of Paine's person or character, as administrator, been omitted altogether, and the body of the deed have described the estate and interest sold and conveyed, as that of the estate of the decedent. I am constrained, by terms and phraseology of the deed, to believe the intention was to sell and convey the land generally under the power, without regard to the debts of the estate, but with a view to benefit the

minor heir by re-investment. This I gather from recitals, in connection with the history of the case as disclosed in the record. But in looking beyond the deed, this would be very doubtful. But admitting it to be so, no power is conferred by the act, upon the administrator, as such, to dispose of the land for the purpose alone of the benefit of the widow and heir, or its control and management on their account. His authority, acts and duties in reference to them and their estate and interest, grew incidentally out of his power to sell and pay the debts as administrator. If his power did not arise on that account, and for that purpose, he had none to sell at all; and so we think he had not.

The objection to reading the journals to establish a fact in relation to the petitioner and petition, etc., for the act, was properly overruled. This court has received them for purposes connected with the passage of the laws. *Spangler* v. *Jacoby,* 14 Ill. R. 297, and authorities there referred to.

In pursuance of the agreement of the parties, this cause is remanded for a new trial, notwithstanding the judgment here.

*Judgment affirmed.*